# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| RORY JUSTIN CYPERS, § <br> § <br> *Plaintiff,* § <br> v. § <br> § <br> BANKCARD CENTRAL, LLC et al., § <br> § <br> *Defendants.* § | Civil Action No. 4:21-cv-00382 <br> Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants PHI-BCC, LLC and Payment Holdings, LLC's Motion to Withdraw as Attorney of Record (Dkt. #56). Having considered the motion and the relevant pleadings, the Court finds that the motion should be **GRANTED.**

## BACKGROUND

This case arises from a judgment (the "Judgment") issued by the United States District Court for the Central District of California against Defendant BankCard Central, LLC (hereinafter "BankCard I"), a processor of credit card services and a Texas limited liability company (Dkt. #9 ¶ 12).[1] Plaintiff Rory Justin Cypers ("Cypers") obtained this Judgment against BankCard I on March 31, 2017 for $91,302.00 in damages and $12,852.56 in interest for breach of contract (Dkt. #9 ¶ 12). BankCard I appealed the case to the Ninth Circuit, but before the court issued its mandate, BankCard I sold its assets to a successor BankCard Central, LLC (hereinafter "BankCard II") through a plan allegedly orchestrated by Defendant Larry Daniels ("Daniels"), Defendant Payment Holdings, LLC ("PHL"), Defendant REV 19, LLC ("REV 19"), and BankCard I (Dkt. #9 ¶¶ 15–16). The purchase price for the assets of BankCard I was $3.6 million, payable $3.24

---

[1] Each of the entity defendants in this case is a Texas limited liability company.

million with $360,000 as a holdback for two years. Cypers alleges that "[t]he consideration for the transaction was entirely paid to entities and persons other than the 'Seller' and [J]udgment debtor, BankCard I" (Dkt. #37 ¶ 19). Indeed, Cypers alleges—and no Defendant contests—that $1,925,122 of the purchase price was distributed to PHL and $37,480 was paid to Daniels. The remainder of the funds were paid to creditors of BankCard I.

Prior to the sale, on or around April 23, 2018, BankCard I changed its name to PHI-BCC, LLC ("PHI"). PHI is a Defendant in this case and an entity Cypers alleges is the same as PHL—the company for which Daniels serves as Chief Executive Officer (Dkt. #9 ¶ 16(b)). Also on April 23, 2018, an entity known as REV 19 BCC—formed by REV 19 in January 2018—changed its name to BankCard (hereinafter "BankCard II") (Dkt. #9 ¶ 16(e)). Then, on January 25, 2019, PHI (previously BankCard I) forfeited under § 171.309 of the Texas Tax Code.[2] Approximately two weeks later, the Ninth Circuit issued its opinion affirming the Judgment of the district court, and it became effective on February 8, 2019 (Dkt. #37, Exhibit A). But to date, no amount of the Judgment has been paid (Dkt. #9 ¶ 20).

Cypers brings this action under Texas Civil Practice & Remedy Code § 35.008 against Daniels in his individual capacity, as well as REV 19, BankCard II, and PHL to enforce the

---

[2] Recognizing the somewhat complex nature of the entity name changes, the Court provides the following chart, wherein bolded names represent ongoing entities:

| PHI Sub I, LLC | May 21, 2015 changes name → | BankCard Central, LLC (Daniels, President) "BankCard I" | April 23, 2018 changes name → | PHI-BCC, LLC ("PHI") (managed by **Payment Holdings LLC ("PHL"),** Daniels, CEO) → | January 25, 2019 PHI forfeits Under Texas Tax Code |
| **REV 19 LLC "REV 19"** | January 26, 2018 **REV 19** forms REV 19 BCC | REV 19 BCC | April 23, 2018 changes name → | **BankCard Central, LLC "BankCard II"** (managed by REV 19) → | Remains active entity in Texas |

outstanding Judgment.[3] Cypers also brings claims under §§ 24.005 and 24.006 of the Uniform Fraudulent Transfer Act ("UFTA") for fraudulent transfers of BankCard's stocks and assets.

On June 21, 2022, Kevin S. Wiley Jr. ("Wiley") and his firm, the Wiley Law Group, PLLC, filed the pending motion, seeking to withdraw as attorneys of record for PHI and PHL (Dkt. #56). Wiley argues that withdrawal should be allowed because there has been no successful contact with PHI or PHL since July 19, 2021, after Wiley tried to discuss detailed terms of engagement for both defendants (Dkt. #56 at p. 1). On July 18, 2022, Wiley notified the Court that PHI and PHL had still not objected to the motion to withdraw (Dkt. #63). The Court held a telephone conference on November 18, 2022, that addressed several matters before the parties' bench trial that is set to begin on December 13, 2022. During the telephone conference, Wiley stated that he still was requesting to withdraw from representing PHI and PHL, and that he had notified both defendants regarding his request before filing his motion on June 21, 2022.

## LEGAL STANDARD

"An attorney may withdraw from representation only upon leave of the court and a showing of good cause and reasonable notice to the client." *In re Wynn*, 889 F.2d 644, 646 (5th Cir. 1989); *accord* Local Rule CV-11(c) ("Attorneys may withdraw from a case only by motion and order under conditions imposed by the court."). This is a fact-based inquiry, and the attorney seeking withdrawal bears the burden of demonstrating that good cause exists. *Edwards v. Oliver*, No. 3:17-CV-1208-M-BT, 2022 WL 4820147, at *1 (N.D. Tex. Sept. 30, 2022). But even if good cause is shown, "it is 'incumbent on the court to assure that the prosecution of the lawsuit before it is not disrupted by the withdrawal of counsel.'" *Denton v. Suter*, No. 3:11-CV-2559-N, 2013

---

[3] In the Court's Memorandum Opinion and Order that granted in part Cypers's motion for summary judgment or, in the alternative, for default judgment, the Court found that the Judgment should be registered against PHI in accordance with 28 U.S.C. § 1963 (Dkt. #67 at pp. 5–7).

WL 5477155, at *2 (N.D. Tex. Oct. 2, 2013) (quoting *Broughten v. Voss*, 634 F.2d 880, 882 (5th Cir. 1981)). Thus, other factors must be considered as well, "including whether withdrawal would cause 'undue delay in the proceedings' or 'prejudice to the client,' and whether withdrawal is in the 'interests of justice.'" *ESPOT, Inc. v. MyVue Media, L.L.C.*, No. 4:19-CV-954-SDJ, 2020 WL 13042504, at *1 (E.D. Tex. Feb. 12, 2020) (quoting *Dorsey v. Portfolio Equities, Inc.*, No. CIV.A.3:04-CV-0472-B, 2008 WL 4414526, at *2 (N.D. Tex. Sept. 29, 2008)).

Ultimately, the "matter of attorney withdrawal is 'entrusted to the sound discretion of the court and will be overturned on appeal only for an abuse of that discretion.'" *Gowdy v. Marine Spill Response Corp.*, 925 F.3d 200, 204 (5th Cir. 2019) (quoting *In re Wynn*, 889 F.2d at 646).

## ANALYSIS

The Court finds that Wiley and his firm have demonstrated good cause to withdraw from their representations of PHI and PHL. After starting on this case, Wiley and his firm have been unable to contact either defendant since July 19, 2021 (Dkt. #56 at p. 1). Further, at the recent telephone conference, the Court learned that neither defendant has even discussed the terms of engagement for this matter. Given this utter failure to communicate with counsel, and the fact that no parties have otherwise objected, there is good cause to permit withdrawal here.

PHI and PHL also had reasonable notice regarding their attorneys' withdrawal. During the telephone conference, Wiley stated that PHI and PHL have been aware of a potential withdrawal since he filed the current motion on June 21, 2022. Still, both defendants have not objected. Having determined that there is good cause and reasonable notice to both defendants, the Court will permit Wiley and his firm to withdraw from their representations.

To be sure, the Court is wary that PHI and PHL now lack counsel on the eve of trial. This is especially so given that limited liability companies may not proceed unrepresented in federal

court. *Precision Builders, Inc. v. Olympic Group, L.L.C.*, 642 F. App'x 395, 397 (5th Cir. 2016) ("[B]usiness associations may appear in federal court only through a licensed attorney[.]") (citing *Memon v. Allied Domecq QSR,* 385 F.3d 871, 873 (5th Cir. 2004)). But being on the verge of trial is not, in and of itself, always grounds for rejecting an attorney's attempt to withdraw, particularly if the attorney-client relationship has deteriorated. *See CBC Framing, Inc. v. Flores*, No. CV-08-00150-MMM-JCX, 2009 WL 10672571, at *2 (C.D. Cal. June 8, 2009) (granting motion to withdraw on the eve of trial when defendant was "unwilling to communicate" with attorney and "appear[ed] uninterested in pursuing his defense"); *accord Shelby Ins. Co. v. Feaster*, No. CIV.A. 03-3600, 2004 WL 825347, at *2 (E.D. Pa. Apr. 15, 2004). Further, PHI and PHL have been aware of their attorneys' potential withdrawal for five months and still have not objected.

Thus, the Court permits Wiley and his firm to withdraw, but PHI and PHL are warned that their failure to have counsel may lead the Court to take appropriate measures. *See, e.g.*, *Moore v. Chiro One Wellness Ctr. of Arlington PLLC*, No. 3:13-CV-2950-N, 2014 WL 6901201, at *2 (N.D. Tex. Dec. 8, 2014); *Pipe Hitters Union, LLC v. Pipe Hitters Union MC, LLC*, No. 1:20-CV-167-RP, 2020 WL 10692700, at *1 (W.D. Tex. Apr. 27, 2020). The Court is not adjusting the December 13, 2022 trial date at this time.

## CONCLUSION

It is therefore **ORDERED** that Defendants PHI-BCC, LLC and Payment Holdings, LLC's Motion to Withdraw as Attorney of Record (Dkt. #56) is hereby **GRANTED.** Kevin Wiley and the Wiley Law Group, PLLC may withdraw as the attorneys of record for Defendants PHI-BCC, LLC and Payment Holdings, LLC.

It is further **ORDERED** that Kevin Wiley and the Wiley Law Group, PLLC shall serve PHI-BCC, LLC and Payment Holdings, LLC with a copy of this Order.

**IT IS SO ORDERED.**

**SIGNED this the 22nd day of November, 2022.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE