# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| RORY JUSTIN CYPERS, § | |
| *Plaintiff,* § | |
| v. § | Civil Action No.  4:21-cv-00382 |
| § | Judge Mazzant |
| BANKCARD CENTRAL, LLC et al., § | |
| *Defendants.* § | |
| § | |
| § | |

## MEMORANDUM OPINION AND ORDER

This order will address various parties' requests for attorneys' fees. Before addressing the merits, the Court will briefly explain the procedural posture of these requests.

On January 16, 2023, the parties filed a Joint Motion and Stipulation on Submission of Post Trial Briefs and Attorneys' Fees Affidavits or Declarations (Dkt. #91). In that stipulation, the parties agreed that "[l]iability for attorneys' fees, if any, shall be addressed in the trial briefs or proposed findings of fact or conclusions of law, along with concurrently submitted declarations by the parties as to the amount of reasonable fees incurred" (Dkt. #91 at p. 1). The parties agreed that "[i]f attorney's fees are awarded against a party, that party shall have the opportunity to object to the reasonableness of any proposed amount of fees, one week after the court issues its opinion or ruling is served" (Dkt. #91 at pp. 1–2). On January 19, 2023, the Court granted the parties' motion (Dkt. #100).

On January 18, 2023, plaintiff Rory Justin Cypers filed his Post Trial Brief, Proposed Findings of Fact and Conclusions of Law (Dkt. #99). In his Post Trial Brief, Cypers claimed entitlement to attorneys' fees and costs under the Texas Uniform Fraudulent Transfer Act

("TUFTA") § 24.013 (Dkt. #99 at p. 23). On January 18, 2023, Cypers filed the Affidavit of Kenneth J. Catanzarite in Support of Plaintiff's Attorneys' Fees (Dkt. #96).

On January 18, 2023, defendants BankCard Central, LLC ("BankCard II") and REV 19, LLC filed their Closing Brief (Dkt. #97). In the Closing Brief, BankCard II claimed entitlement to attorneys' fees under TUFTA § 24.013 (Dkt. #97 at p. 7). REV 19, LLC did not claim any entitlement to attorneys' fees in the Closing Brief.[1] On January 18, 2023, defendants BankCard II and REV 19, LLC filed the Declaration of Gary D. Corley in Support of [Defendant BankCard II's][2] Attorneys' Fees (Dkt. #93).

On January 18, 2023, defendant Larry Daniels filed his Post-Trial Brief (Dkt. #95). In his Post-Trial Brief, Daniels claimed entitlement to attorneys' fees under TUFTA § 24.013 (Dkt. #95 at p. 10). On January 18, 2023, Daniels filed the Declaration of Matthew K. Davis (Dkt. #98).

On September 11, 2023, the Court issued its Findings of Fact and Conclusions of Law (Dkt. #101). In the Court's findings, the Court acknowledged it would treat the affidavits and declarations of the parties' attorneys as motions for attorneys' fees (*see* Dkt. #101 at p. 30).

## BACKGROUND

This case arises from a judgment obtained in federal court ("the Judgment") by Cypers against BankCard Central, LLC ("BankCard I")[3]. The Court incorporates the background as explained in its Findings of Fact and Conclusions of Law (Dkt. #101 at pp. 1–7).

---

[1] Because REV 19, LLC did not claim any entitlement to attorneys' fees in the Closing Brief, the Court only considers BankCard II's request for attorneys' fees as properly before it.
[2] The document is actually titled "Declaration of Gary D. Corley in Support of *Plaintiffs'* Attorneys' Fees" (Dkt. #93 at p. 1) (emphasis added). Later in the body, Corley clarifies the declaration is "in support of Defense Counsel's application for an award of attorneys' fees" (Dkt. #93 ¶ 1). Corley is counsel for defendants BankCard II and REV 19, LLC (Dkt. #93 at p. 4).
[3] This BankCard Central, LLC ("BankCard I") is not to be confused with BankCard II, one of the Defendants in this case.

The Court held a bench trial on December 13, 2022 (*see* Dkt. #92). On January 18, 2023, the parties submitted their post-trial briefing (Dkt. #94; Dkt. #95; Dkt. #97; Dkt. #99). In his trial brief, Cypers alleged that

> (1) BankCard II assumed the liability for the Judgment under TEXAS BUS. ORGS. CODE § 10.254(a); (2) [PHI-BCC, LLC] or BankCard II are liable for a fraudulent transfer under § 24.006(a) of TUFTA; (3) Larry Daniels and Payment Holdings[, LLC] are liable for the Judgment under § 24.005 of TUFTA; and (4) REV 19, LLC should be added to the Judgment as a promoter

(Dkt. #101 at p. 7). In the Findings of Fact and Conclusions of Law, the Court found: (1) Cypers did not succeed on his claim against BankCard II for successor liability (Dkt. #101 at p. 12); (2) the asset transfer was fraudulent under § 24.006(a) of TUFTA, thus succeeding on his fraudulent transfer claims against PHI-BCC, LLC and BankCard II (Dkt. #101 at pp. 16–21); (3) the asset transfer was fraudulent under §24.005(a) of TUFTA, thus succeeding on his fraudulent transfer claims against Daniels and Payment Holdings, LLC (Dkt. #101 at pp. 21–26; and (4) Cypers was not entitled to relief against REV 19, LLC for promoter liability (Dkt. #101 at p. 29).

Now, Cypers, Daniels, and BankCard II all claim entitlement to attorneys' fees under TUFTA § 24.013 (Dkt. #95 at p. 10 (Daniels); Dkt. #97 at p. 7 (BankCard II); Dkt. #99 at p. 23 (Cypers)).

## ANALYSIS

### I.   Parties Entitled to Fees and Costs

The Court first addresses which of the requesting parties are entitled to attorneys' fees. Cypers, Daniels, and BankCard II all claim entitlement to fees and costs under TUFTA § 24.013 (Dkt. #95 at p. 10 (Daniels); Dkt. #97 at p. 7 (BankCard II); Dkt. #99 at p. 23 (Cypers)). Under TUFTA, "the court may award costs and reasonable attorney's fees as are equitable and just."

3

TEX. BUS. & COM. CODE § 24.013. In order to recover under § 24.013, a party must either successfully bring or defend a TUFTA claim. *See In re Positive Health Mgmt., Inc.*, No. ADV 10-03121, 2015 WL 66186, at *1 (S.D. Tex. Jan. 5, 2015) ("[Section 24.013] does not apply to TUFTA claims on which the party seeking to recover fees did not prevail . . . ."); *see also Janvey*, 856 F.3d at 393 (referring to the parties eligible for fees under § 24.013 as "prevailing plaintiffs" or "prevailing defendants").

The Court finds Cypers is a prevailing party and is the only party entitled to fees under TUFTA § 24.013. Cypers prevailed on his TUFTA claims against Daniels and BankCard II (Dkt. #101 at pp. 16–21 (BankCard II); Dkt. #101 at pp. 21–26 (Daniels)). Necessarily, neither BankCard II nor Daniels prevailed on his TUFTA claim defense, so neither is a prevailing party entitled to attorneys' fees.

Accordingly, the Court denies both Daniels's and BankCard II's requests for attorney's fees under TUFTA § 24.013.

**II.    Parties Liable for Fees**

The Court next addresses which party or parties are liable to Cypers for his fees under TUFTA § 24.013. Cypers claims he is entitled to attorney's fees against "Daniels, Payment Holdings[, LLC], [BankCard II], and REV 19, LLC, jointly and severally" (Dkt. #99 at p. 24). Because Cypers claimed entitlement to attorneys' fees and costs only under TUFTA § 24.013 (Dkt. #99 at p. 23), he is only entitled to recover fees from parties against which he brought TUFTA claims. *See Yamin v. Carroll Wayne Conn, L.P.*, 574 S.W.3d 50, 69 (Tex. App.—Houston [14th Dist.] 2018, pet. denied) (declining to hold parties jointly and severally liable for attorneys' fees under TUFTA when no TUTFA claims were brought against them).

4

Cypers lodged his claims under TUFTA against four defendants: PHI-BCC, LLC, BankCard II, Daniels, and Payment Holdings, LLC (the "TUFTA defendants") (Dkt. #101 at p. 26). As such, the only defendants liable for Cypers's fees are the TUFTA defendants. REV 19, LLC is not liable for Cypers's attorneys' fees, since Cypers only seeks fees under TUFTA and did not bring a TUFTA claim against REV 19, LLC.

### III.  Cypers's Request for Fees and Costs

Now the Court addresses the merits of Cypers's request for fees. "When fee-shifting is authorized, whether by statute or contract, the party seeking a fee award must prove the reasonableness and necessity of the requested attorney's fees." *Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 484 (Tex. 2019).

"State law controls both the award of and the reasonableness of fees awarded where state law supplies the rule of decision." *Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002). Under Texas law, it is the movant that bears the burden of proof to show the reasonable fees they are owed. *El Apple I, Ltd. v. Olivas*, 370 S.W.3d 757, 760 (Tex. 2012) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)) (applying substantive federal law because it is a federal cause of action but also discussing Texas's adoption of the lodestar method in other cases). The movant may calculate their reasonable and necessary attorneys' fees using either the lodestar method or the market value method. *Id.*; *AMX Enters. v. Master Realty Corp.*, 283 S.W.3d 506, 515 (Tex. App.—Fort Worth 2009, no pet.). There are certain causes of action, which require the use of the lodestar calculation. *City of Laredo v. Montano*, 414 S.W.3d 731, 736 (Tex. 2013). However, even if it is not required, if the movant produces evidence of the lodestar calculation, courts typically apply the lodestar calculation. *Id.*

Using the lodestar analysis, the computation of a reasonable attorneys' fee award is a two-step process.[4] *El Apple*, 370 S.W.3d at 760 (citing *Dillard Dep't Stores, Inc. v. Gonzales*, 72 S.W.3d 398, 412 (Tex. App.—El Paso 2002, pet. denied)). First, courts determine the reasonable hours spent by counsel and a reasonable hourly rate, and then multiplies the two together to get the base fee or lodestar. *Id.* (citing *Gonzales*, 72 S.W.3d at 412). Second, courts adjust the lodestar up or down based on relevant factors, found in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974).[5]

The *Johnson* factors are:

> (1) time and labor required; (2) novelty and difficulty of issues; (3) skill required; (4) loss of other employment in taking the case; (5) customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by client or circumstances; (8) amount involved and results obtained; (9) counsel's experience, reputation, and ability; (10) case undesirability; (11) nature and length of relationship with the client; and (12) awards in similar cases.

*Gonzales*, 72 S.W.3d at 412 (citing *Johnson*, 488 F.2d at 717–19). "If some of these factors are accounted for in the lodestar amount, they should not be considered when making adjustments." *Id.* (citing *Guity v. C.C.I. Enter., Co.*, 54 S.W.3d 526, 529 (Tex. App.—Houston [1st Dist.] 2001, no pet.)). The lodestar is presumptively reasonable, and should be modified only in exceptional cases. *El Apple*, 370 S.W.3d at 765.

Under TUFTA, "the court may award costs and reasonable attorney's fees as are equitable and just." Tex. Bus. & Com. Code § 24.013. "This provision of TUFTA gives the trial court the sound discretion to award attorney's fees based on the evidence the trial court heard." *Walker v.*

---

[4] Although state law applies, Texas courts occasionally "draw on the far greater body of federal court experience with lodestar." *El Apple*, 370 S.W.3d at 764–65.
[5] Texas courts also use a similar set of factors, the *Arthur Andersen* factors, to determine reasonableness. However, when courts use the lodestar calculation they tend to use the *Johnson* factors.

*Anderson*, 232 S.W.3d 899, 919 (Tex. App.—Dallas 2007, no pet.). "The Court's exercise of this discretion is subject to the following limitations: any fees awarded must be reasonable and necessary, and must also be equitable and just." *Janvey v. Dillon Gage, Inc. of Dallas*, 856 F.3d 377, 392 (5th Cir. 2017).

> A number of factors are relevant to determining whether a fee award is equitable and just under TUFTA, including: (1) whether the case involved egregious conduct; (2) whether an award of fees accomplishes the goals of TUFTA; (3) the evidence heard by the trial court; and (4) evidence of bad faith, vexation, wantonness, oppression, or harassment relating to the filing or the maintenance of th[e] action.

*Id.* at 393 (cleaned up).

Cypers requests $34,878.22 in attorney's fees and $6,101.47 in costs under TUFTA § 24.013 (Dkt. #96 ¶ 10). He claims this case involves egregious conduct because Daniels "knowingly sold the assets of [BankCard I] while fully aware of Plaintiff's judgment and did not pay the judgment, instead representing in the [Asset Purchase Agreement ('APA')] that there were no judgments against [BankCard I]" (Dkt. #99 at p. 24). And according to Cypers, all Defendants "were aware that all sums paid under the APA were to persons and entities other than [BankCard I]. Plaintiff should not be required to chase [BankCard I] and affiliate entities in order to have his judgment paid, especially when his judgment preceded the transfer of assets in this case" (Dkt. #99 at p. 24).

The Court finds that Cypers has not met his burden at this time to demonstrate the reasonableness and necessity of his attorney's fees and costs. After review of the factors as outlined in *Janvey*, the Court finds that a fee award would be equitable and just because this case involved egregious conduct, an award of reasonable fees would accomplish the goals of TUFTA, and the evidence heard by the Court supports that finding. But Cypers has not met his burden at this time

to show the Court why his actual attorney's fees and costs are reasonable and necessary, either under a lodestar analysis or under an analysis using the *Arthur Andersen* factors. *See Janvey v. GMAG LLC*, No. 3:15-CV-401-N-BQ, 2021 WL 4059951, at *1–2 (N.D. Tex. Aug. 4, 2021) (using *Arthur Andersen* factors to determine reasonable and necessary fees). Cypers, therefore, has not at this time "prove[n] the reasonableness and necessity of the requested attorney's fees." *Rohrmoos Venture*, 578 S.W.3d at 484.

## CONCLUSION

It is therefore **ORDERED** that the Affidavit of Kenneth J. Catanzarite in Support of Plaintiff's Attorneys' Fees (Dkt. #96), which the Court treats as a motion for attorneys' fees, is hereby **DENIED without prejudice.** Plaintiff has fourteen days from the entry of this Order to file a new request that meets the appropriate standard.

It is also **ORDERED** that the Declaration of Gary D. Corley in Support of [Defendant BankCard II's] Attorneys' Fees (Dkt. #93), which the Court treats as a motion for attorneys' fees, is hereby **DENIED**.

It is also **ORDERED** that the Declaration of Matthew K. Davis (Dkt. #98), which the Court treats as a motion for attorneys' fees, is hereby **DENIED**.

**IT IS SO ORDERED.**
**SIGNED this 25th day of March, 2024.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE